IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HOWARD KORER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08-cv-02837 |
| v. ) | |
| ) | Judge Ruben Castillo |
| DANITA CORPORATION and UNITED ) | |
| PARCEL SERVICES, INC. ) | |
| ) | |
| Defendant. ) | |

**MOTION TO REMAND AND CLARIFY COURT'S
ORDER OF MAY 27, 2008.**

NOW COMES the Plaintiff, HOWARD KORER, by and through his attorneys, Novoselsky Law Offices, and pursuant to 28 U.S.C. §1447(c) respectfully requests this Honorable Court remand this case to the Circuit Court of Lake County as a result of this improper removal. In support thereof, Plaintiff states as follows:

BACKGROUND

1. On May 27, 2008, before any attorney had appeared on behalf of the Plaintiff before this Court following removal, the Court entered an Order which provided "after a careful evaluation of the recently removed State Court Complaint, said Complaint is dismissed without prejudice to the filing of a timely motion to remand or the filing of an appropriate amended federal complaint."[1]

2. Plaintiff as part of his request for remand, asks this Court to clarify its order by filing this timely Motion to Remand. Unfortunately, Plaintiff is unclear as to what is being remanded as

---

[1] Also in conformance with that order, Plaintiff's counsel has made a good faith effort to discuss settlement with UPS's local and national counsel. As of this filing, no response has been received to Plaintiff's demand.

this Court dismissed the Complaint on May 27, 2008 without prejudice. Plaintiff seeks the Court's guidance and asks that the order be clarified or modified so Plaintiff may determine how best to proceed following remand.

3. Plaintiff asks the Court remand the cause after vacating the dismissal without prejudice or remand the cause after vacating the dismissal without prejudice with direction that any amended complaint filed in the State Court not seek relief which Congress has declared is exclusively within the jurisdiction of the federal courts. Plaintiff intends to refile the Complaint in State Court, especially as it pertains to the Danita Corporation, an Illinois corporation, and will seek to add or dismiss certain Defendants, but will not seek relief that would be barred by 49 USC §14706, 14501(c)(1), or 41713(b)(4)(A).

## MOTION FOR REMAND

4. On April 10, 2008, Plaintiff filed a First Amended Complaint for Declaratory Judgment in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois.

5. On April 28, 2008, Defendant Danita Corporation, an Illinois corporation, filed a Motion to Dismiss in lieu of answer.

6. On May 15, 2008, Defendant United Parcel Service, Inc., removed the matter to Federal Court alleging that jurisdiction was proper under federal law, and original jurisdiction of the court pursuant to 28 U.S.C. Section §1331 (federal question) and Section §1337 (acts of congress regulating commerce).

7. Looking at the four corners of the Amended Complaint filed in State Court, the Plaintiff does not raise any federal questions. As the Courts have explained:

> "Where the basis of removal is federal question jurisdiction, the plaintiff's cause of action must "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A] cause of action arises under federal law only when the plaintiff's

well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim," so " '**a case may not be removed to federal court on the basis of a federal defense, ... even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.**' " *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998) (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 14, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). This is commonly referred to as the "well-pleaded complaint rule." Id." N.D.Ill.,2002. *Fournier v. Lufthansa German Airlines*, 191 F.Supp.2d 996, 1000(N.D. Ill. 2002) (Emphasis added).

8. The Defendant UPS, and not Danita Corporation, has removed this action.

9. Defendant Danita Corporation had filed a Motion to Dismiss the Complaint for not properly pleading in separate counts in the state court proceeding, has waived any right to removal, and Plaintiff was intending to amend his complaint in State Court to address the issues raised by Danita.

10. Plaintiff acknowledges that there are two "exceptions" to the "well-pleaded complaint rule."

11. "There does exist, however, an "independent corollary" to the well-pleaded complaint rule,[citations ommited], known as the "complete pre-emption" doctrine. On occasion, the Court has concluded that the pre-emptive force of a statute is so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metropolitan Life Insurance Co.*, supra, at 65, 107 S.Ct., at 1547.FN8 Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law. See Franchise Tax Board, supra, 463 U.S., at 24, 103 S.Ct., at 2854 ("[I]f a federal cause of action completely pre-empts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law"). *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987)

12. Plaintiff has not filed a complaint for any claims under 28 U.S.C. Section §14706 as argued by United Parcel Service, notwithstanding the fact that that provision also provides that a civil action under the section can be brought against a delivering carrier in a State Court. (49

13. Section (d)(3) further provides that, "(3) Jurisdiction of courts.--A civil action under this section may be brought in a United States district court or in a State court." (49 U.S.C.§ 14706 (d)(3).)

14. Upon remand, Plaintiff will amend its Complaint in State Court seeking remedies under State laws not related to motor carriers..

15. Plaintiff's suit does not seek to impose liability upon United Parcel Service, but instead seeks declaratory relief as to insurance and determining who is the insuring entity.

16. Plaintiff respectfully submits that there is no federal question here since the complaint seeks a declaration as to the insurance coverage sold to Plaintiff by either Defendant, or both, or a third party, and not the liability of the carrier for the loss of the goods transported as covered by 49 USC §14706, 14501(c)(1), or 41713(b)(4)(A).

WHEREFORE, Plaintiff respectfully requests this Honorable Court remand this matter to the Courts to the State of Illinois and vacate its dismissal without prejudice so that such order may be implemented.

Respectfully submitted,

/s/ David A. Novoselsky

David A. Novoselsky #02069881
James J. Ayres #06186604
Novoselsky Law Offices
120 North LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 346-8930
Atty ID No. 24578
G:\Docs\JJA\Plaintiff\Korer.Motion 06-13-08.wpd