IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HOWARD KORER, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | NO. 08-CV-02837 |
| VS. ) | |
| ) | Judge Ruben Castillo |
| DANITA CORPORATION AND ) | |
| UNITED PARCEL SERVICES, INC., ) | |
| ) | |
| DEFENDANTS. ) | |

**DEFENDANT UNITED PARCEL SERVICE, INC.'S
BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

I.  **INTRODUCTION**

Plaintiff Howard Korer filed a Motion to Remand this action to the Circuit Court of Lake County on June 16, 2008. Because Plaintiff's Amended Complaint seeks declarations explicitly construing a carrier's limitation of liability in connection with alleged damage to and/or loss of an interstate ground shipment, Plaintiff's claims necessarily arise under federal law. Consequently, this action is properly before this Court, and UPS respectfully requests that this Court deny Plaintiff's Motion to Remand.

II.  **FACTUAL AND PROCEDURAL HISTORY**

On April 10, 2008, Howard Korer commenced an action in the Circuit Court of Nineteenth Judicial Circuit of Lake County, Illinois, currently entitled *Howard Korer v. Danita Corporation d/b/a The UPS Store #1661, and United Parcel Service, Inc.* UPS was served with the summons and First Amended

Complaint for Declaratory Judgment ("Amended Complaint") on April 15, 2008. In the Amended Complaint, Plaintiff alleges that he visited Defendant Danita Corporation d/b/a The UPS Store #1661 ("Danita") in Illinois "to arrange the shipping of [a] watch to Plaintiff's friend in Atlanta, Georgia" and "the box arrived at the home of the Plaintiff's friend in Atlanta, Georgia, however the box had been opened in transit, the small box containing the watch had been removed and a pair of pliers had been substituted for the watch." Amended Complaint, ¶¶ 5 and 10. Plaintiff also alleges that he paid Danita to "insure" the package for $25,000, that he filed a claim to recover the full "insurance" amount, and that "the Defendants have wholly failed to adjust the claim or make any monetary offer on the insurance." *Id.* at ¶¶ 7, 8, 11 and 13.

In his Amended Complaint, Plaintiff prays for a declaratory judgment finding and declaring, among other things: that Plaintiff's shipment was "insured" as alleged; that the watch was worth at least $25,000; who the actual insuring entity was; and that the Plaintiff is entitled to payment of $25,000 from the insuring entity. *Id.*, p.5. Plaintiff further seeks his attorney's fees, costs of this action, and punitive damages against the Defendants. *Id.*

On May 19, 2008, UPS properly removed Plaintiff's case to this Court from the Circuit Court of Nineteenth Judicial Circuit of Lake County on the basis that federal law, specifically the Carmack Amendment to the Interstate Commerce Act, <u>exclusively</u> governs the contracts of carriage and limitations of liability of motor carriers, and occupies the field of interstate shipments. *See* Notice of

Removal at ¶¶ 6-7.  On June 16, 2008, Plaintiff filed a Motion to Remand.  *See* Plaintiff's Motion to Remand and Clarify Court's Order of May 27, 2008.  For the reasons discussed in UPS's Notice of Removal and herein, the instant action is properly before this Court, and Plaintiff's Motion to Remand should be denied.

### III.    ARGUMENT AND CITATION OF AUTHORITY

#### A.    This Court Has Original Jurisdiction Over Plaintiff's Claims.

Removal of a case to federal court is appropriate if the case could have been brought in federal court at the outset.  *See* 28 U.S.C. § 1441(a).  Federal district courts have original jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States" (28 U.S.C. § 1331), as well as all civil actions "arising under any Act of Congress regulating commerce" (28 U.S.C. § 1337).

As Plaintiff discusses in his Motion to Remand, the issue of whether a case arises under federal law must be determined from the face of a plaintiff's well-pleaded complaint at the time the action was filed.  *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983); *see* Motion to Remand, ¶ 7.  UPS does not dispute the case law cited by Plaintiff in Paragraph 7 of the Motion to Remand regarding the well-pleaded complaint rule.  UPS does not argue that removal is proper by way of raising a federal defense, and understands that a case is not removable where a federal question arises only as a defense to the complaint, "even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only

question truly at issue." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987); *see also* Motion to Remand, ¶ 7 (*citing Rivet v. Regions Bank of La.*, 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998).

Rather, as Plaintiff points out in Paragraph 11 of his Motion to Remand, the complete preemption doctrine, an independent corollary to the well-pleaded complaint rule, provides a basis for removal even where a plaintiff relies in his complaint solely on state law. *Franchise Tax Bd.*, 463 U.S. at 22. Under the complete preemption doctrine, if the preemptive force of a federal statute is so powerful that it displaces any state-law cause of action, it is said completely to preempt state law, and any complaint that comes within the scope of the federal cause of action necessarily arises under federal law. *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists*, 376 F.2d 337 (6th Cir. 1967), *aff'd*, 390 U.S. 557 (1968).

While relatively few statutes fall within the ambit of complete preemption, the U.S. District Court for the Northern District of Illinois noted that the Carmack Amendment is one statute the merits complete preemption. In *Solovy v. Federal Express Corp.*, 2008 U.S. Dist. LEXIS 20448, *11 (N.D.Ill. Feb. 5, 2008), involving loss of a package shipped via FedEx, the Court addressed the issue of the Carmack Amendment and complete preemption doctrine, although the Court noted that the issue need not be decided by the Court in that case. The Court explained:

> The Court further notes that, to the extent that this Action involves FedEx Ground, removal from state court was

> likely proper under the Carmack Amendment, *28 U.S.C. § 1337(a)*, and the complete preemption doctrine. The Carmack Amendment governs the liability of common carriers to shippers for loss of, or damage to, interstate shipments. *N. Am. Van Lines, Inc. v. Pinkerton Sec. Sys., Inc.*, 89 F.3d 452, 455 (7th Cir. 1996). Because the purpose of the Carmack Amendment is to establish uniform federal guidelines to reduce uncertainty in connection with a carrier's liability, it has a broad preemptive scope over state and common law claims arising out of interstate shipments. *Hughes v. United Van Lines, Inc.*, 829 F.2d 1407, 1415 (7th Cir. 1987). The Supreme Court, when addressing this preemptive scope, noted that "[a]lmost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject and supersede all state regulation with reference to it." *Adams Express Co. v. Croninger*, 226 U.S. 491, 505-06, 33 S.Ct. 148, 57 L.Ed. 314 (1913). Several courts, including the Ninth and Fifth Circuits, have since concluded that the Carmack Amendment completely preempts state law claims. [CITs]. While the Seventh Circuit has yet to expressly address whether the statute completely preempts state law, it has recognized that the statute ordinarily preempts "all state or common law remedies available to a shipper against a carrier for loss or damage to interstate shipment," *N. Am. Van Lines, 89 F.3d at 456*, and that the purpose of the statute is to establish uniformity, *Hughes, 829 F.2d at 1415*. ***In light of the purpose of the Carmack Amendment and the Seventh Circuit's recognition of its purpose and preemptive effect, the Court would be inclined to adopt the reasoning employed by the Fifth and Ninth Circuits and conclude that the Carmack Amendment completely preempts state law***.

*Id.* at *11-12 (noting Court need not make such determination because case deemed properly removed under federal common law and 28 U.S.C. § 1331) (emphasis added). *See also Pierre v. United Parcel Service, Inc.*, 774 F.Supp. 1149, 1151 (N.D.Ill. 1991) (denying motion to remand after finding that plaintiff's claims were preempted by Carmack and explaining, "Where, as here, Congress

has manifested an intent to completely preempt an area of law, any action arising within the scope of the federal law is necessarily federal by nature."); *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 688 (9th Cir. 2007) (citing line of cases which "establish that the Carmack Amendment completely preempts a contract claim alleging loss or damage to property" and rejecting attempt to distinguish between types of contract damages as that would "defeat the purpose of the statute, which was to create uniformity out of disparity"); *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 777-78 (5th Cir. 2003) ("…Congress intended for the Carmack Amendment to provide *the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier.* Accordingly, we hold that the complete pre-emption doctrine applies.") (emphasis in original); *Woods v. Unigroup*, 945 F.Supp. 1255, 1256 (E.D.Mo. 1996) (finding case properly removed to federal court because negligence cause of action was preempted by Carmack).

In his Motion to Remand, Plaintiff argues that no federal question exists here because "the complaint seeks a declaration as to the insurance coverage sold to Plaintiff by either Defendant, or both, or a third party, and not the liability of the carrier for the loss of the goods transported as covered by 49 USC § 14706, 14501(c), or 41713(b)(4)(A)." Motion to Remand, ¶ 16. Although Plaintiff incorrectly characterizes his claim as being one related to "insurance," the coverage offered by UPS to shippers, and expressly described to shippers, is its Declared Value service option. The Declared Value option is how UPS gives its

shippers the opportunity to choose between levels of liability, one of the requirements set by Carmack for carrier limitation of liability. The Seventh Circuit has explained:

> There are four steps a carrier must take to limit its liability under the Carmack Amendment: (1) maintain a tariff within the prescribed guidelines of the Interstate Commerce Commission; (2) obtain the shipper's agreement as to his choice of liability; (3) give the shipper a reasonable opportunity to choose between two or more levels of liability; and (4) issue a receipt or bill of lading prior to moving the shipment.

*Hughes v. United Van Lines, Inc.*, 829 F.2d 1407, 1415 (7th Cir. 1987).

Courts have looked to the substance of a plaintiff's claim, rather than the specific terminology used in the complaint, to determine whether a claim falls within the scope of the Carmack Amendment. In *Pierre*, *supra*, the Plaintiff conceded that her claims based upon UPS's negligence in delivering her goods were preempted by the Carmack Amendment. 774 F.Supp at 1151. However, she argued that her other claims, which were "based upon UPS's failure to allow her to increase her claimed value after representing to her that she would be allowed to do so," did not fall under Carmack. *Id.* The District Court for the Northern District of Illinois disagreed, explaining, "The real claim here is that plaintiff was not given the opportunity to choose between levels of liability. This falls squarely within the bounds of the Carmack Amendment…." *Id.*

This same District Court has acknowledged the complete preemption by Carmack of claims dealing with "the subject of loss or of injury to the property or delays in delivery," and noted that "a plaintiff's recharacterization of his or her

claims as breach of contract or even fraud in the inducement – perhaps even triggering a punitive damage claim – would not be permitted to supplant the Carmack Amendment's coverage." *Ducham v. Reebie Allied Moving & Storage, Inc.*, 372 F.Supp. 1076, 1079 (N.D.Ill. 2005) (providing as an example of a scenario that would place a claim concerning a carrier outside the rubric of Carmack: if a carrier's agent were to hold up its consumer customer at gunpoint, or equivalent duress, to exact additional payment). *See also Gordon v. United Van Lines, Inc.*, 130 F.3d 282, 288-89 (7th Cir. 1997) (explaining that alleged conduct such as assault and injury, or intentional infliction of emotional distress, of a shipper by the carrier, rises to the level of being separate and distinct from the loss or damage of goods, and therefore falls outside of Carmack).

While Plaintiff in the instant case may state that he is seeking declaratory relief as to "insurance," he is, under the four corners of his own pleading, actually seeking a declaration as to UPS's offering of differing levels of liability through its Declared Value service option.[1]  The opportunity to choose between levels of liability is certainly not separate and distinct from the alleged loss or damage of the package at issue.  Moreover, it is a direct requirement under the Carmack Amendment for carrier limitation of liability concerning loss or damage of

---

[1] Plaintiff's statement that "Plaintiff will amend its Complaint in State Court seeking remedies under State laws not related to motor carriers" (Motion to Remand, ¶ 14) does not aid Plaintiff's argument for remand.  Any claim against UPS related to loss or damage of an interstate ground shipment, including liability limitation issues, necessarily seeks a remedy "related to motor carriers," and is consequently preempted by the Carmack Amendment.  If anything, such an amendment will make Carmack Amendment preemption of Plaintiff's claims even clearer.

packages.  Consequently, Plaintiff's claim is plainly preempted by the Carmack Amendment, and removal of this case to this Court is proper.

## IV.    CONCLUSION

Plaintiff's claims for declaratory relief concern, regardless of the specific terminology used by Plaintiff, UPS's limitation of liability in connection with the alleged loss of or damage to the interstate ground shipment at issue.  As such, Plaintiff's claims are exclusively governed by federal law and are, therefore, properly before this Court.  For the reasons discussed above, UPS respectfully requests that this Court deny Plaintiff's Motion to Remand.

/s/ John S. Graettinger, Jr.
JOHN S. GRAETTINGER, JR.
Illinois ARDC No. 6197736
Attorney for  UPS

53 W. Jackson, Suite 950
Chicago, Illinois 60604-3849
Voice:(312) 408-0320
Fax: (312) 408-0321
Email:JSG@Pentwater.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing brief was served upon Plaintiff and Defendant Danita Corporation d/b/a The UPS Store #1661 on this 21st day of July, 2008, by mailing a copy in envelopes bearing my return address and first class postage addressed as follows:

Robert J. Long, Esq.
Daniels, Long & Pinsel, LLC
19 North County Street
Waukegan, IL  60085

James J. Ayers, Esq.
120 N. LaSalle Street, Ste 1400
Chicago, IL  60602

Edward J. Kozel, Esq.
333 South Wabash Avenue
25th Floor
Chicago, IL  60604


/s/  John S. Graettinger, Jr.
JOHN S. GRAETTINGER, JR.