IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HOWARD KORER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08-cv-02837 |
| | ) | |
| v. | ) | Judge Ruben Castillo |
| | ) | |
| DANITA CORPORATION and | ) | |
| UNITED PARCEL SERVICES, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

REPLY OF PLAINTIFF TO DEFENDANT UNITED PARCEL SERVICES, INC.'S
RESPONSE TO PLAINTIFF'S MOTION TO REMAND AND CLARIFY THIS
COURT'S ORDER OF MAY 27, 2008

On July 21, 2008, Defendant United Parcel Service ("UPS") filed it's Response to Plaintiff's Motion to Remand and Clarify this Court's Order of May 27, 2008. Defendant Danita Corporation has not filed any responsive pleadings.

UPS acknowledges that co-defendant Danita Corporation ("Danita") "is an independently owned and operated packing and shipping business, and further states that Danita is not an agent of UPS". (UPS Answer, pg. 2) (A true and correct copy is attached hereto as Exhibit A). Danita has filed a Motion to Dismiss in State court but has not filed raised the issue of preemption.

Defendant UPS relies primarily on the case of *Solovy v. Federal Express Corporation* which states that:

> <u>While the Seventh Circuit has yet to expressly address whether the statute completely preempts state law</u>, it has recognized that the statute <u>ordinarily</u> preempts "all state or common law remedies available to a shipper against a carrier for loss or damage to interstate shipment," *N. Am. Van Lines*, 89

1

> F.3d at 456, and that the purpose of the statute is to establish uniformity, *Hughes*, 829 F.2d at 1415. In light of the purpose of the Carmack Amendment and the Seventh Circuit's recognition of its purpose and preemptive effect, the Court would be inclined to adopt the reasoning employed by the Fifth and Ninth Circuits and conclude that the Carmack Amendment completely preempts state law. Nevertheless, the Court need not make such a determination at this time because, as previously noted, FedEx properly removed this Action under federal common law and 28 U.S.C. § 1331.

*Solovy v. Federal Express Corp.*, 2008 WL 466130, at *3 (N.D.Ill., February 05, 2008) (Emphasis added).

Plaintiff respectfully submits that the Seventh Circuit has not addressed the complete preemption issue. However, in *REI Transport, Inc. v. C.H. Robinson Worldwide, Inc.* the court observed that:

> "Congress regulated the field of interstate carrier liability to provide a uniform cause of action against carriers. But it did not preempt every claim related to damaged or lost goods." *REI Transport, Inc. v. C.H. Robinson Worldwide, Inc.*, 519 F.3d 693, 698 (7th Cir. 2008)

Plaintiff seeks to have an adjudication as to who is insuring the package delivered to Danita and ultimately who is liable for the theft of Plaintiff's goods. Defendant Danita may be solely liable for Plaintiff's loss. Plaintiff respectfully submits that there is no federal question here since the complaint seeks a declaration as to the insurance coverage sold to Plaintiff by either Defendant, or both, or a third party, and not the liability of the carrier for the loss of the goods transported as covered by 49 USC §14706, 14501(c)(1), or 41713(b)(4)(A).

However, if the Court determines that it has jurisdiction over this cause, then Plaintiff would request this honorable Court grant him leave to file a Second Amended Complaint as contemplated by this Court's order of May 27, 2008.[1]

WHEREFORE Plaintiff respectfully requests this honorable Court remand this case to the Circuit Court of the Nineteenth Judicial Circuit of Lake County, State of Illinois, or, if the Court determines that this cause was properly removed, then grant Plaintiff leave to file a Second Amended Complaint.

Respectfully submitted,

/s/ James J. Ayres

David A. Novoselsky #02069881
James J. Ayres #06186604
Novoselsky Law Offices
120 North LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 346-8930

---

[1] As also stated in that order, Plaintiff has had settlement discussions with Defendant UPS's national counsel but has been unable to meet what Plaintiff considers to be unreasonable "back up" for his claim, including a request for proof of purchase of the property in question decades ago.

# EXHIBIT

# A

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

| | | |
|---|---|---|
| HOWARD KORER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | General No. 08 MR 0110 |
| | ) | |
| DANITA CORPORATION, an Illinois | ) | FILED: MAY 15, 2008 |
| corporation, d/b/a THE UPS STORE #1661, | ) | 08cv2837    JH |
| and UNITED PARCEL SERVICE, INC., | ) | JUDGE CASTILLO |
| a corporation, | ) | MAGISTRATE JUDGE VALDEZ |
| | ) | |
| Defendants. | ) | |

## UPS ANSWER TO COMPLAINT

Defendant United Parcel Service, Inc. ("UPS") respectfully submits the following Affirmative Defenses and Answer to each allegation of Plaintiff's First Amended Complaint for Declaratory Judgment ("Complaint").

## AFFIRMATIVE DEFENSES

### 1. Failure to State a Claim

Plaintiff has failed to state a claim against UPS upon which relief can be granted.

### 2. Federal Preemption

Some or all of Plaintiff's causes of action are preempted by federal law, *inter alia*, the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706(a) & (c) *et seq*., the federal common law, and/or the Federal Aviation Administration Authorization Act of 1994, 49 U.S.C. §§ 14501(c)(1) & 41713(b)(4)(A).

### 3. Limitation of Liability

Pursuant to governing law, regulations, and the contract documents containing the terms and conditions of the transportation of property (including the applicable

shipping documents, the UPS General Tariff ("Tariff"),[1] and the UPS Rate and Service Guide ("Service Guide")[2]), Plaintiff's recovery, if any, is limited to a maximum of the released or declared value of the subject shipment, and UPS is not liable for any consequential damages related to the shipment.

### 4. UPS Not Responsible

The damages allegedly suffered by Plaintiff were not caused by any act or omission of UPS.

### 5. Acts of Third Parties

The damages allegedly suffered by Plaintiff were caused in whole or in part by third parties for whom UPS is not responsible.

### 6. Plaintiff's Responsibility

The damages allegedly suffered by Plaintiff were caused in whole or in part by his own fault or the fault of others for whom he is solely responsible.

### 7. Other defenses

UPS reserves the right to assert other defenses as discovery progresses.

AND NOW, answering the allegations of the Complaint, UPS avers as follows:

1. UPS is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 1, which allegations therefore stand denied.

2. UPS admits that Defendant Danita Corporation d/b/a The UPS Store #1661 ("Danita") is an independently owned and operated packing and shipping business, and further states that Danita is not an agent of UPS. UPS is without

---

[1] Attached hereto as Exhibit 1.
[2] The "Terms and Conditions" section of the UPS Rate and Service Guide is attached hereto as Exhibit 2.

knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 2, which allegations therefore stand denied.

3. Admitted.

4. UPS is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 4, which allegations therefore stand denied.

5. UPS is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 5, which allegations therefore stand denied.

6. UPS admits that it picked up a package from Danita on December 14, 2007, and entered into a shipping contract with Danita for delivery of the package. UPS is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 6, which allegations therefore stand denied.

7. UPS denies any implication that it offers insurance to shippers. UPS further states that it does not sell or provide insurance, but, as set forth in the Tariff and Service Guide, UPS offers shippers the opportunity to increase UPS's limitation of liability by declaring a value higher than $100 and paying a corresponding charge. UPS is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 7, which allegations therefore stand denied.

8. UPS acknowledges that the documents contained in "Group Exhibit A" to the Complaint speak for themselves. UPS is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 8, which allegations therefore stand denied.

9. UPS is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 9, which allegations therefore stand denied.

10. UPS admits that it delivered the package at issue to an address in Atlanta, Georgia, on December 19, 2007. UPS is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 10, which allegations therefore stand denied.

11. UPS denies any implication that it offers insurance to shippers. UPS further states that it does not sell or provide insurance, but, as set forth in the Tariff and Service Guide, UPS offers shippers the opportunity to increase UPS's limitation of liability by declaring a value higher than $100 and paying a corresponding charge. UPS is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 11, which allegations therefore stand denied.

12. UPS admits that representatives of UPS and its third-party administrator, Crawford & Company, have been in contact with Danita regarding the claim of loss of the item in the package at issue. UPS denies that it has been furnished all information necessary to support the claim. To the extent not otherwise admitted, the allegations of Paragraph 12 are denied.

13. UPS denies that it offers insurance to shippers. UPS further states that it does not sell or provide insurance, but, as set forth in the Tariff and Service Guide, UPS offers shippers the opportunity to increase UPS's limitation of liability by declaring a value higher than $100 and paying a corresponding charge. UPS denies that that it has been furnished all information necessary to support the claim regarding the package at issue, and admits that, therefore, it has not offered payment of the claim. To the extent not otherwise admitted, the allegations of Paragraph 13 are denied.

14. UPS denies that it offers insurance to shippers. UPS further states that it does not sell or provide insurance, but, as set forth in the Tariff and Service Guide, UPS offers shippers the opportunity to increase UPS's limitation of liability by declaring a value higher than $100 and paying a corresponding charge. UPS denies that it has been furnished all information necessary to support the claim regarding the package it issue. UPS acknowledges that the documents contained in "Group Exhibit B" to the Complaint speak for themselves. To the extent not otherwise admitted, the allegations of Paragraph 14 are denied.

15. Admitted. UPS further states that during its claim evaluation process, its procedure is to communicate with the shipper, in this case, Danita, and not the customer of the shipper.

16. UPS denies that it offers insurance to shippers. UPS does not sell or provide insurance, but, as set forth in the Tariff and Service Guide, UPS offers shippers the opportunity to increase UPS's limitation of liability by declaring a value higher than $100 and paying a corresponding charge. UPS further states that the language cited by Plaintiff in Paragraph 10 is contained in the receipt provided by Danita, not UPS, to Danita's customer. To the extent not otherwise admitted, the allegations of Paragraph 16 are denied.

17. UPS admits that the copy of the Shipment Receipt contained in Group Exhibit A to the Complaint indicates the carrier chosen by Danita to deliver the package at issue is UPS, meaning United Parcel Service, Inc.

18. UPS is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 18, which allegations therefore stand denied.

19. Admitted.

20. UPS denies that it offers insurance to shippers. UPS further states that it does not sell or provide insurance, but UPS offers shippers the opportunity to increase UPS's limitation of liability by declaring a value higher than $100 and paying a corresponding charge. The scope, terms and conditions of the Declared Value protection are fully explained in the Tariff and Service Guide, which the shipper assented to when the package at issue was shipped via UPS. To the extent not otherwise admitted, the allegations of Paragraph 20 are denied.

21. UPS is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 21, which allegations therefore stand denied.

22. Admitted. UPS further states that it does not sell or provide insurance, but, as set forth in the Tariff and Service Guide, UPS offers shippers the opportunity to increase UPS's limitation of liability by declaring a value higher than $100 and paying a corresponding charge.

23. Denied. UPS specifically denies that it sells or provides insurance. UPS further states that, as set forth in the Tariff and Service Guide, it offers shippers the opportunity to increase UPS's limitation of liability by declaring a value higher than $100 and paying a corresponding charge.

24. Denied. UPS specifically denies that it sells or provides insurance. UPS further states that, as set forth in the Tariff and Service Guide, it offers shippers the opportunity to increase UPS's limitation of liability by declaring a value higher than $100 and paying a corresponding charge.

25. Denied.

WHEREFORE, UPS requests that Plaintiff's claims be denied in their entirety, that plaintiff take nothing, and that UPS recover its costs.

_____
JOHN S. GRAETTINGER, JR.
Illinois ARDC No. 6197736
Attorney for
United Parcel Service, Inc.

53 W. Jackson, Suite 950
Chicago, Illinois 60604-3849
Voice:(312) 408-0320
Fax: (312) 408-0321
Email:JSG@Pentwater.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing ANSWER was served upon Plaintiff and Defendant Danita Corporation d/b/a The UPS Store #1661 on this 15th day of May, 2008, by United States Mail, addressed as follows:

Robert J. Long, Esq.
Daniels, Long & Pinsel, LLC
19 North County Street
Waukegan, IL 60085

Edward J. Kozel, Esq.
333 South Wabash Avenue
25th Floor
Chicago, IL 60604

_____
JOHN S. GRAETTINGER, JR.