

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HOWARD KORER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 2837 |
| | ) | |
| v. | ) | Judge Ruben Castillo |
| | ) | |
| DANITA CORPORATION and | ) | |
| UNITED PARCEL SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION & ORDER

Howard Korer ("Plaintiff") brought this declaratory judgment action in state court against Danita Corporation, an Illinois corporation d/b/a The UPS Store #1661 ("Danita"), and United Parcel Service, Inc. ("UPS") (collectively "Defendants") alleging damage and/or loss to his property during an interstate shipment. (R. 1, Not. of Removal, Ex. 1, Compl.) UPS removed the action to this Court pursuant to the Carmack Amendment of the Interstate Commerce Act ("Carmack Amendment"), 49 U.S.C. § 14706. Plaintiff moves to remand. (R. 10, Pl.'s Mot. to Remand.) For the reasons stated below, Plaintiff's motion is denied.

## RELEVANT FACTS

On December 14, 2007, Plaintiff visited Danita's place of business in Buffalo Grove, Illinois, "to arrange the shipping of [a] watch to Plaintiff's friend in Atlanta, Georgia." (R. 1, Not. of Removal, Ex. 1, Compl. ¶ 5.) The watch was a Rolex platinum wristwatch that "Plaintiff had purchased long ago while on vacation for a price of $25,000." (*Id.* ¶ 4.) Danita's agent asked Plaintiff if he wanted to purchase insurance for the shipment, and Plaintiff decided to

1

insure the package for $25,000. (*Id.* ¶ 7.) The small box containing the watch was then put into a larger box and sealed by Danita's agent, and Plaintiff paid for shipping, handling, and insurance. (*Id.* ¶ 8.) Several days later, the box arrived at the home of Plaintiff's friend in Atlanta. (*Id.* ¶ 10.) According to Plaintiff, when the box was opened, it was discovered that "the box had been opened in transit, the small box containing the watch had been removed and a pair of pliers had been substituted for the watch." (*Id.*) When Plaintiff discovered that the watch was not in the package his friend received, he contacted Danita's agent and filed a claim for $25,000. (*Id.* ¶ 11.) Plaintiff alleges that he has since submitted all available information regarding the loss to UPS but that "Defendants have wholly failed to adjust the claim or make any monetary offer on the insurance." (*Id.* ¶ 13.)

## PROCEDURAL HISTORY

On April 10, 2008, Plaintiff brought suit in the Circuit Court of Lake County against Danita and UPS. (R. 1, Not. of Removal, Ex. 1, Compl.) In his complaint, Plaintiff seeks a declaration that his shipment was insured for the extent of the coverage purchase; that the lost watch was worth at least $25,000; and that he is entitled to payment of $25,000 from the insuring entity, as well as a determination of the identity of the insuring entity. (*Id.* at 5.) On May 8, 2008, Danita filed a motion to dismiss the state court action. (*Id.*, Ex. 3, Mot. to Dismiss.) Before the motion was resolved, on May 15, 2008, UPS removed the case pursuant to the

Carmack Amendment.[1] (R. 1, Not. of Removal.) UPS asserts that the Carmack Amendment exclusively governs claims alleging loss or damage to property during an interstate shipment, such that there is federal jurisdiction over this action. (*Id.* at 2-3.) Plaintiff moves to remand, arguing that this case is not removable because his complaint does not raise a federal question. (R. 10, Pl.'s Mot. to Remand at 2-4.)

## LEGAL STANDARD

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The party seeking removal bears the burden of establishing federal jurisdiction. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). The Court must interpret the removal statute narrowly, and any doubts regarding jurisdiction are resolved in favor of remand. *Wirtz Corp. v. United Distillers & Vintners N. Am., Inc.*, 224 F.3d 708, 715-16 (7th Cir. 2000); *Fischer v. Hartford Life Ins. Co.*, 486 F. Supp. 2d 735, 738 (N.D. Ill. 2007).

## ANALYSIS

"The interstate shipment of goods is a complicated business." *REI Transport, Inc. v. C.H. Robinson Worldwide, Inc.*, 519 F.3d 693, 695 (7th Cir. 2008). To provide uniformity in the law pertaining to such shipments, Congress enacted the Carmack Amendment. *Id.* at 696.

---

[1] In order to remove a case to federal court, all defendants must either join in the petition or otherwise consent to removal. *Midlock v. Apple Vacations West, Inc.*, 406 F.3d 453, 455 (7th Cir. 2005). This requirement is not jurisdictional, however, and is subject to waiver if not raised within 30 days of removal. *See* 28 U.S.C. § 1447(c); *Midlock*, 406 F.3d at 455; *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998). Here, only UPS signed the notice of removal, and there is no indication that Danita either joined in the petition or otherwise consented to removal. Nevertheless, Plaintiff failed to challenge this defect, and the time for doing so has long since passed.

3

Foremost among the problems intended to be corrected by the Carmack Amendment were the disparate schemes of carrier liability that existed among the states, some of which allowed carriers to limit or disclaim liability, while others permitted full recovery. *Id.* To solve this problem, the Carmack Amendment "created a nationally uniform rule of carrier liability concerning interstate shipments." *Id.* Congress ensured the national uniformity of carrier liability in two ways: "by preempting state causes of action against carriers for damaged or lost goods; and by placing substantive limits on the rights of carriers to contract away liability." *Id.* The Carmack Amendment thus preempts state law claims and provides the exclusive remedy against carriers for goods lost or damaged during an interstate shipment. *Id.* at 697-98 ("The preemptive sweep of the Carmack Amendment extends to state causes of action against carriers where goods are damaged or lost in interstate commerce."); *N. Am. Van Lines, Inc. v. Pinkerton Sec. Sys., Inc.*, 89 F.3d 452, 456 (7th Cir. 1996) ("The Carmack Amendment thus preempts all state or common law remedies available to a shipper against a carrier for loss or damage to interstate shipments.").

In this case, Plaintiff is seeking, among other relief, a determination regarding Defendants' liability for damages he incurred when his wristwatch was lost during an interstate shipment. (R. 1, Not. of Removal, Ex. 1, Compl. at 5.) The Carmack Amendment provides the exclusive remedy for such a claim. "[W]hen one ships a package via UPS and there is a dispute, that dispute belongs in federal court because of the Carmack Amendment." *Treiber & Straub, Inc. v. United Parcel Serv., Inc.*, 474 F.3d 379, 383 (7th Cir. 2007). The Court thus has

jurisdiction over Plaintiff's claim.[2] *Id.; see also N. Am. Van Lines*, 89 F.3d at 457 (determination of carrier's liability to shipper under Carmack Amendment is question of federal law); *Pierre v. United Parcel Serv., Inc.*, 774 F. Supp. 1149, 1151 (N.D. Ill. 1991) (because shipper's claim was preempted by Carmack Amendment, removal to federal court was proper).

Plaintiff argues that there is no federal question jurisdiction because he did not plead any federal claims in his complaint. (R. 10, Pl.'s Mot. to Remand at 2-3.) Plaintiff is correct that whether a case arises under federal law must be determined from the face of a plaintiff's complaint, and a case may not be removed on the basis of a federal defense. *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 9-10 (1983); *City of Chicago v. Comcast Cable Holdings, LLC*, 384 F.3d 901, 904 (7th Cir. 2004). The Carmack Amendment is not a defense, however; it is a federal statute that governs resolution of the dispute over Defendants' liability for Plaintiff's damages incurred as a result of an interstate shipment. Plaintiff cannot "bypass" the Carmack Amendment simply by avoiding reference to it in his state complaint. *See REI Transport, Inc.*, 519 F.3d at 698.

It is true that "not every claim even remotely associated with the transfer of goods from one place to another is necessarily a claim for damages to the shippers' goods" that would fall under the Carmack Amendment. *Gordon v. United Van Lines, Inc.*, 130 F.3d 282, 289 (7th Cir.

---

[2] As Plaintiff points out, a civil action brought under the Carmack Amendment may be filed in either state or federal court. 49 U.S.C. § 14706(d)(3). Nevertheless, the salient question in determining whether an action can be removed based on federal question jurisdiction is not whether Congress intended a cause of action to be removable, but whether Congress intended the federal cause of action to be *exclusive*. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 9-10 (2003) (state claim may be removed when federal statute wholly displaces state law cause of action). As explained above, the Carmack Amendment provides the exclusive remedy for loss or damage to goods occurring during an interstate shipment, and Defendants therefore had a right to remove based on federal question jurisdiction.

1997). The Carmack Amendment was intended to provide uniformity only as to a carrier's liability for goods damaged in shipment, and thus does not preempt claims involving "independently actionable harms that are distinct from the loss of, or the damage to, the goods." *REI Transport, Inc.*, 519 F.3d at 698. For instance, a shipper's state law claim for intentional infliction of emotional distress against a carrier would fall outside the scope of the Carmack Amendment. *Gordon*, 130 F.3d at 289; *see also Ducham v. Reebie Allied Moving & Storage, Inc.*, 372 F. Supp. 2d 1076, 1079 (N.D. Ill. 2005 (if a carrier "were to hold up its consumer customer at gunpoint . . . nothing . . . would place the customer's claim under the rubric of the Carmack Amendment"). Here, however, Plaintiff seeks a declaration that Defendants are liable for loss and/or damage incurred to his property during an interstate shipment. (R. 1, Not. of Removal, Ex. 1, Compl. at 5.) This is precisely the type of claim preempted by the Carmack Amendment. For these reasons, the Court has jurisdiction over this action.

## CONCLUSION

For the reasons stated above, Plaintiff's motion to remand (R. 10) is denied. Plaintiff is granted thirty days to file an amended complaint in this federal action. The parties are directed to reevaluate their settlement positions in light of this opinion and to exhaust all efforts to settle this case. The parties shall appear for a status on **December 9, 2008**, at **9:45 a.m.** to set a firm litigation schedule for this case.

Entered:

Judge Ruben Castillo
United States District Court

**Dated: November 6, 2008**